# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| CHELSEA WALTERS, JULIA GUERRA, and SIMONE McGRUDER,<br>　　Plaintiffs,<br><br>v.<br><br>BWW RESOURCES, LLC d/b/a BUFFALO WILD WINGS,<br>　　Defendant. | Case No. 3:21-cv-666 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COME NOW** the Plaintiffs, CHELSEA WALTERS, JULIA GUERRA, and SIMONE McGRUDER ("Plaintiffs"), by and through the undersigned Counsel, and hereby sue BWW RESOURCES, LLC d/b/a BUFFALO WILD WINGS ("Defendant"), and allege the following:

1. Plaintiff CHELSEA WALTERS ("Walters") is an individual resident and citizen of Jacksonville, Duval County, Florida.

2. Plaintiff JULIA GUERRA ("Guerra") is an individual resident and citizen of Jacksonville, Duval County, Florida.

3. Plaintiff SIMONE McGRUDER ("McGruder") is an individual resident and citizen of Jacksonville, Duval County, Florida.

4. Defendant is a foreign limited liability company whose principal place of business is in Atlanta, Georgia.

1

5. Defendant operates restaurants and sports bars throughout the country.

6. This Court has jurisdiction over this lawsuit, pursuant to 28 U.S.C. § 1331.

7. The unlawful employment practices alleged in this complaint were committed within the State of Florida in this judicial district and division.

8. Venue is proper in this judicial district and division.

9. Plaintiffs timely filed respective charges of discrimination against Defendant with the Equal Employment Opportunity Commission (the "EEOC"). The EEOC issued each Plaintiff a right to sue letter on April 5, 2021. A copy of the notices are attached hereto as **Composite Exhibit 1**.

10. Plaintiffs assert claims against Defendant that arise out of the same series of transactions or occurrences.

11. Common issues of law and fact predominate over individual issues of law and fact. Therefore, Plaintiffs have properly brought their claims against Defendant in a single case.

## GENERAL ALLEGATIONS

12. Plaintiff WALTERS is a female who at all times material was employed as a waitress at Defendant's Jacksonville Town Center location.

13. Plaintiff GUERRA is a female who at all times material was employed as a waitress at Defendant's Jacksonville Town Center location.

14. Plaintiff McGRUDER is a female who at all times material was employed as a service manager at Defendant's Jacksonville Town Center location.

15. At all times material, a man named Mike was the general manager of Defendant's Town Center location, and a man named Jerry was Defendant's regional manager.

16. Both Mike and Jerry had immediate supervisory authority over the Plaintiffs.

17. Both Mike and Jerry routinely made sexually explicit comments to WALTERS and GUERRA and other female employees.

18. Both Mike and Jerry physically touched WALTERS and GUERRA in sexually inappropriate and suggestive ways.

19. Jerry routinely made comments about WALTERS's breasts. For example, on one occasion Jerry told her that her "boobs were a blessing" to her.

20. In November of 2018, Jerry told WALTERS that she had nice "turkeys," referring to her breasts.

21. Mike routinely came up to WALTERS behind her and whispered his home address into her ears, telling her that he "know[s] she wants to . . ." implying that she should come to his house to have sex with him.

22. On another occasion, Mike told WALTERS that "skinny blondes" are his type and that he wishes that he could remove WALTERS' head and put it on a skinny female's body.

23. The sexually inappropriate comments and behavior were so widespread and pervasive that a customer even left a public review of the restaurant, co plaining about Mike's sexually inappropriate behavior.

24. Before Jerry would visit the restaurant, Mike would tell WALTERS to "get [her] game face on and your titties out because [her] boyfriend was coming in today."

25. On one occasion, Mike told WALTERS that she should have sexual intercourse with Jerry.

26. Mike and Jerry treated GUERRA the same way they treated WALTERS.

27. Mike routinely would pass behind GUERRA and would touch her buttocks with his hands.

28. Mike routinely made sexually inappropriate comments about and to GUERRA.

29. Mike routinely reviewed sexually suggestive photos on his computer, in view of GUERRA and others.

30. WALTERS always refused Mike's and Jerry's sexual advances and propositions.

31. Because she refused, she was terminated on or about March 9, 2020.

32. GUERRA always refused Mike's sexual advances and propositions.

33. Because she refused, she was terminated on or about November 30, 2019.

34. McGRUDER reported directly to Mike.

35. In addition to McGRUDER observing Mike engaging in sexually inappropriate conduct, as described above, McGRUDER observed Mike using the N-word and other racially discriminatory and insensitive comments.

36. McGRUDER reported the racially discriminatory comments to Defendant's ethics hotline.

37. After she reported the race-based discrimination, Mike learned about the report and retaliated against McGRUDER.

38. Mike told McGRUDER that her medication was not working and implied that McGRUDER was unstable mentally.

39. Mike then told McGRUDER that she needed to take an FMLA leave of absence or, else, she would lose her job.

40. McGRUDER complied with Mike's direction and she took an FMLA leave of absence so that she would not lose her job.

41. McGRUDER has been forced to use her paid time off during this time.

42. Plaintiffs have engaged the undersigned Counsel to represent them and agreed to pay a reasonable attorney fee and costs of litigation.

## COUNT I – HOSTILE WORK ENVIRONMENT SEX DISCRIMINATION
### (WALTERS)

43. WALTERS realleges paragraphs 1-41 above.

44. This is an action for compensatory damages, punitive damages, attorney fees and costs, pursuant to Section 2000e-2(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (the "Civil Rights Act").

45. WALTERS belongs to a protected group, because she is a female.

46. Defendant is an employer that is subject to Title VII of the Civil Rights Act of 1964.

47. Defendant subjected WALTERS to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature.

48. The harassment was based on WALTER's sex.

49. The sexual harassment had the effect of unreasonably interfering with WALTERS' work performance in creating an intimidating, hostile or offensive working environment that affected seriously the psychological well-being of WALTERS.

50. The harassment was sufficiently severe or pervasive to alter terms of conditions of employment and create a discriminatorily abusive working environment.

51. Defendant is vicariously liable for the conduct of both Mike and Jerry.

52. Alternatively, Defendant knew or should have known of the sexual harassment and failed to take prompt remedial action.

53. As a direct and proximate result of Defendant's unlawful discrimination, WALTERS has suffered past and future wage losses, severe emotional distress, reputational damages, loss of capacity to earn income, loss of enjoyment of life, among many other damages for which she is entitled to compensation.

**WHEREFORE**, Plaintiff WALTERS demands judgment against Defendant for the following:

  a. Compensatory damages, including general and special damages;

  b. Punitive damages;

  c. Costs of suit;

  d. Reasonable attorney fees; and

  e. Such other and further relief as this Honorable Court deems just and proper.

## COUNT II – HOSTILE WORK ENVIRONMENT SEX DISCRIMINATION (GUERRA)

54. GUERRA realleges paragraphs 1-41 above.

55. This is an action for compensatory damages, punitive damages, attorney fees and costs, pursuant to Section 2000e-2(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (the "Civil Rights Act").

56. GUERRA belongs to a protected group, because she is a female.

57. Defendant is an employer that is subject to Title VII of the Civil Rights Act of 1964.

58. Defendant subjected GUERRA to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature.

59. The harassment was based on GUERRA's sex.

60. The sexual harassment had the effect of unreasonably interfering with GUERRA's work performance in creating an intimidating, hostile or offensive working environment that affected seriously the psychological well-being of GUERRA.

61. The harassment was sufficiently severe or pervasive to alter terms of conditions of employment and create a discriminatorily abusive working environment.

62. Defendant is vicariously liable for the conduct of both Mike and Jerry.

63. Alternatively, Defendant knew or should have known of the sexual harassment and failed to take prompt remedial action.

64. As a direct and proximate result of Defendant's unlawful discrimination, GUERRA has suffered past and future wage losses, severe emotional distress, reputational damages, loss of capacity to earn income, loss of

enjoyment of life, among many other damages for which she is entitled to compensation.

**WHEREFORE**, Plaintiff GUERRA demands judgment against Defendant for the following:

    a. Compensatory damages, including general and special damages;

    b. Punitive damages;

    c. Costs of suit;

    d. Reasonable attorney fees; and

    e. Such other and further relief as this Honorable Court deems just and proper.

## COUNT III: HOSTILE WORK ENVIRONMENT RACE DISCRIMINATION (McGRUDER)

65. McGRUDER realleges paragraphs 1-41 above.

66. This is an action for compensatory damages, punitive damages, attorney fees and costs, pursuant to Section 2000e-3(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (the "Civil Rights Act").

67. McGRUDER belongs to a protected group because she is female and because she is African American.

68. Defendant is an employer that is subject to Title VII of the Civil Rights Act of 1964.

69. McGRUDER was subjected to unwelcome harassment, based on a protected characteristic, to wit: her race.

70. The harassment was so severe and pervasive that it altered the conditions of McGRUDER's employment and created a hostile or abusive working environment.

71. Defendant is vicariously liable for the conduct of Mike.

72. Alternatively, Defendant knew or should have known of the race-based discrimination and harassment and nevertheless failed to take prompt remedial action.

73. As a direct and proximate result of Defendant's unlawful discrimination and retaliation against her, McGRUDER has suffered past and future wage losses, severe emotional distress, reputational damages, loss of capacity to earn income, loss of enjoyment of life, among many other damages for which she is entitled to compensation.

**WHEREFORE**, McGRUDER demands judgment against Defendant for the following:

    a. Compensatory damages, including general and special damages;

    b. Punitive damages;

    c. Costs of suit;

    d. Reasonable attorney fees; and

e. Such other and further relief as this Honorable Court deems just and proper.

## COUNT IV: RETALIATION
### (McGRUDER)

74. McGRUDER realleges paragraphs 1-41 above.

75. This is an action for compensatory damages, punitive damages, attorney fees and costs, pursuant to Section 2000e-3(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (the "Civil Rights Act").

76. McGRUDER belongs to a protected group because she is female and because she is African American.

77. Defendant is an employer that is subject to Title VII of the Civil Rights Act of 1964.

78. McGRUDER engaged in protected activity when she reported race-based discrimination to Defendant's ethic's hotline.

79. McGRUDER was then subject to an adverse employment action when she was told to either take an FMLA leave of absence or, else, face termination of employment.

80. Defendant's adverse employment action against McGRUDER was motivated by McGRUDER's above-described protected activity.

**WHEREFORE**, McGRUDER demands judgment against Defendant for the following:

    a. Compensatory damages, including general and special damages;

    b. Punitive damages;

    c. Costs of suit;

    d. Reasonable attorney fees; and

    e. Such other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

81. Plaintiffs demand a trial by jury on all issues so triable as of right.

Dated July 4, 2021.

**THE BONDERUD LAW FIRM, P.A.**

*/s/ Andrew Bonderud*
Andrew M. Bonderud, Esq.
Florida Bar No. 102178
2130 Riverside Ave.
Jacksonville, FL 32204
904-438-8082 (telephone)
904-800-1482 (facsimile)
Andrew@Jax.Lawyer
Kinnette@Jax.Lawyer
BonderudLaw@gmail.com
*Counsel for Plaintiff*